**HEILE et al., Appellants; State Automobile Mutual Insurance Company, Appellee,**

v.

**HERRMANN, a.k.a. Ellas Homes et al.**

[Cite as *Heile v. Herrmann* (1999), 136 Ohio App.3d 351.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–990076.

Decided Dec. 17, 1999.

Brown, Lippert, Heile & Evans and Marquette D. Evans, for appellants.

William B. Strubbe, for intervening appellee.

PAINTER, Judge.

This case arises from a contract in which Dennis M. Herrmann, a.k.a. Ellas Homes, agreed to construct a home for plaintiffs-appellants DeLora A. and C. Donald Heile. The home was completed in 1995 and delivered to the Heiles. In 1997, the Heiles filed suit against Herrmann and several suppliers and contractors. The Heiles alleged that multiple defects in the home developed within one year of their occupancy and that Herrmann had failed to remedy the defects despite a contractual obligation to do so. The defects, according to the Heiles, were the result of the negligence of Herrmann and his suppliers and contractors. The defects included deterioration of the driveway, walkway, and front porch, leaking of the roof and basement, and problems with one of the steps to the porch, a Jacuzzi tub, windows, hardwood flooring, drywall, and bathroom tile.

Intervening plaintiff-appellee State Automobile Mutual Insurance Company ("State Auto") is the liability insurance carrier for Hermann. After intervening in the suit, State Auto filed a declaratory judgment complaint, alleging that it had no responsibility to provide coverage or a defense to Herrmann with respect to the Heiles' claims. Based on certain exclusions from liability in the insurance

policy, the trial court granted summary judgment for State Auto. The court certified that there was no just reason for delay,[1] and the Heiles now appeal.

In their sole assignment of error, the Heiles assert that the trial court erred in granting summary judgment for State Auto. The Heiles argue that the policy exclusions relied on by State Auto do not apply here. Indeed, the policy is riddled with definitions, exclusions, exceptions, exceptions to exclusions, and exclusions to exceptions.

██ But we do not need to address the parties' arguments about the exclusions, because we hold that the claims here do not fall under the initial extension of coverage provided by the policy. Specifically, the policy states: "This insurance applies only * * * [t]o 'bodily injury' or 'property damage' * * * [t]hat is caused by an 'occurrence.'" We conclude that the property damage here was not caused by an "occurrence," which the policy defines as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Thus, we affirm the trial court, albeit on a different rationale.

██ The policy at issue here, a commercial general liability policy, is not intended to protect business owners against every risk of operating a business. In particular, policies such as the one here are not intended to insure "business risks"[2]—risks that are the "'normal, frequent, or predictable consequences of doing business, and which business management can and should control or manage.'"[3] Courts generally conclude that the policies are intended to insure the risks of an insured causing damage to other persons and their property, but that the policies are not intended to insure the risks of an insured causing damage to the insured's own work.[4] In other words, the policies do not insure an insured's work itself; rather, the policies generally insure consequential risks that stem from the insured's work.

In light of these principles, courts in Ohio,[5] as well as the majority of courts in

---

1. See Civ.R. 54(B).

2. See, generally, Franco, Insurance Coverage for Faulty Workmanship Claims under Commercial General Liability Policies (1994), 30 Tort & Ins.L.J. 785.

3. *Columbia Mut. Ins. Co. v. Schauf* (Mo.1998), 967 S.W.2d 74, 77 (*en banc*).

4. See *id.* at 77.

5. See, *e.g.*, *Rombough v. Angeloro* (July 31, 1998), Lake App. No. 97–L–131, unreported, 1998 WL 553148; *Royal Plastics, Inc. v. State Auto. Mut. Ins. Co.* (1994), 99 Ohio App.3d 221, 650 N.E.2d 180; but, see, *e.g.*, *Owners Ins. Co. v. Reyes* (Sept. 30, 1999), Ottawa App. No. OT–99–017, unreported, 1999 WL 769561; *Zanco v. Michigan Mut. Ins. Co.* (1984), 11 Ohio St.3d 114, 11 OBR 413, 464 N.E.2d 513 (suggesting in dicta that defective workmanship could constitute an "occurrence").

jurisdictions throughout the country,[6] have concluded that defective workmanship does not constitute an "occurrence" in policies such as the one here. The courts generally conclude that defective workmanship is not what is meant by the term "accident" under the definition of "occurrence." As one court explained, "The fortuity implied by reference to accident or exposure is not what is commonly meant by failure of workmanship."[7] Thus, the courts conclude that the policies do not provide coverage where the damages claimed are the cost of correcting the work itself.

We agree with the rationale of the cases that have concluded that defective workmanship is not an "occurrence." Here, all of the Heiles' claims allege defective workmanship in their home. The damages alleged by the Heiles all relate to Hermann's (or his subcontractors') own work, not to any consequential damages stemming from that work. Under these circumstances, we conclude that the Heiles have failed to allege any acts to demonstrate that State Auto should provide policy coverage. Simply put, the Heiles have failed to allege property damage caused by an "occurrence." Thus, the Heiles' claims do not fall under the policy's initial extension of coverage, and we do not even need to address the issue of exclusions in the policy.

Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., and GORMAN, J., concur.

---

6. See, *e.g., Pursell Constr., Inc. v. Hawkeye–Security Ins. Co.* (Iowa 1999), 596 N.W.2d 67; *McAllister v. Peerless Ins. Co.* (1984), 124 N.H. 676, 474 A.2d 1033.

7. *McAllister, supra,* 124 N.H. at 680, 474 A.2d at 1036.