**ERIE INSURANCE EXCHANGE, Appellee,**

v.

**COLONY DEVELOPMENT CORPORATION, et al., Appellants.**

[Cite as *Erie Ins. Exchange v. Colony Dev. Corp.* (2000), 136 Ohio App.3d 419.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 99AP–329 and 99AP–335.

Decided Feb. 15, 2000.

*Hanna, Campbell & Powell, David J. Hanna, Robert L. Tucker* and *John R. Chlysta*; *Buckingham, Doolittle & Burroughs, L.L.P.,* and *Bryan L. Jeffries,* for appellee.

*Loveland & Brosius,* and *William Loveland*; *Douglas E. Curtis,* for appellant Colony Development Corp.

*William J. Kepko*; *Walter W. Reckless,* Columbus, for appellant The Ravines at Parkwick Drive Condominium Association.

LAZARUS, Judge.

Pursuant to Civ.R. 26(A), plaintiff-appellee, Erie Insurance Exchange ("Erie"), has filed a motion for reconsideration of this court's opinion rendered in this matter on December 23, 1999. For the reasons that follow, we deny the motion.

In our original opinion, we held that Erie had a duty to defend its insured, Colony Development Corporation ("Colony"), in the underlying litigation brought against Colony by The Ravines at Parkwick Drive Condominium Association (the "Association"), because certain claims alleged in the underlying complaint were arguably or potentially covered by the policy of insurance at issue. In so doing,

we rejected Erie's arguments that all of the claims alleged in the underlying complaint either (1) did not fall within the general coverage provision for property damage caused by an "occurrence" or (2) were excluded under one or more exclusions contained in the policy.

■ The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered or was not fully considered by the court when it should have been. *Matthews v. Matthews* (1981), 5 Ohio App.3d 140, 5 OBR 320, 450 N.E.2d 278. Here, Erie contends that this court committed an obvious error and failed to fully consider relevant Ohio law in two respects.

■ First, Erie contends that this court's determination that negligent construction and/or design claims alleged against a building contractor fall within a commercial general liability policy's general liability coverage for property damage caused by an occurrence is inconsistent with several other Ohio courts of appeal cases. In particular, Erie cites *Heile v. Herrmann* (1999), 136 Ohio App.3d 351, 736 N.E.2d 566; *Rombough v. Angeloro* (July 31, 1998), Lake App. No. 97–L–131, unreported, 1998 WL 553148; *Rodeen v. Royaltowne Wood Works, Inc.* (Jan. 9, 1992), Cuyahoga App. No. 59601, unreported, 1992 WL 2587; *Akers v. Beacon Ins. Co. of Am.* (Aug. 31, 1987), Marion App. No. 9–86–16, unreported, 1987 WL 16260; and *Royal Plastics, Inc. v. State Auto. Mut. Ins. Co.* (1994), 99 Ohio App.3d 221, 650 N.E.2d 180. Appellant requests that we reconsider our determination in light of these cases.

We find, however, that a review of these cases does not warrant reconsideration of our original opinion, as they raise no new argument or issue not considered or not fully considered by this court in our original opinion. Moreover, even under the rule of law advanced by these cases, the result in this case would not change. At best, the cases cited by Erie stand for the proposition that claims for defective workmanship do not allege an occurrence under a commercial general liability policy unless the claims allege collateral or consequential damage stemming from the defective work. See *Heile* ("In other words, the policies do not insure an insured's work itself; rather, the policies generally insure consequential risks that stem from the insured's work"); *Royal Plastics, Inc.*, 99 Ohio App.3d at 226, 650 N.E.2d 180, 183 ("Insurance coverage is limited to claims of negligent manufacture which result in an occurrence"); *Akers* (coverage applied to collateral water damage to plaintiff's residence in action against contractor who negligently repaired roof and installed skylights); see, also, *Rodeen* (alleged damages related to repair and correction of defective work itself); *Rombough*

(nature of alleged damages unclear but indicating that underlying litigation was brought because building contractor failed to remedy construction defects).[1]

As specifically noted in our original opinion (albeit in the context of discussing the "work performed" exclusion), the Association's complaint at issue here alleged damages not only to Colony's work, *i.e.*, the condominium buildings. Rather, the Association also alleged damage to collateral property, including damage to the surrounding landscape through erosion and death of trees. Thus, even following the cases cited by Erie, coverage arguably or potentially applies to some of the Association's claims against Colony, and, therefore, Erie would still have an obligation to defend Colony in the underlying litigation. Erie's first ground for reconsideration is unfounded.

In Erie's second ground for reconsideration, it contends that this court erred in determining that it had a duty to defend Colony in the underlying litigation by referring solely to the allegations in the underlying complaint. In particular, Erie contends that under *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 30 OBR 424, 507 N.E.2d 1118, an insurer's duty to continue the defense of its insured does not depend on the allegations of the underlying complaint but depends upon whether the insured comes forward with factual evidence showing a covered loss under the policy. Erie, however, misconstrues the holding in *Preferred Risk.*

In *Preferred Risk,* the insurer brought a declaratory judgment action seeking a determination that it had no obligation to defend its insured, a convicted murderer, in an action brought against the insured by the parents of the insured's victim and raising claims sounding in negligence. *Id.* at 108–109, 30 OBR at 424–425, 507 N.E.2d at 1119–1120. The Ohio Supreme Court ruled that the insurer had no duty to defend its insured even though the underlying complaint alleged conduct falling within coverage of the policy. *Id.* at 113, 30 OBR at 428–429, 507 N.E.2d at 1122–1123. At paragraph two of its syllabus, the court held:

"Where the *insurer does not agree to defend groundless, false or fraudulent claims,* an insurer's duty to defend does not depend solely on the allegations of the underlying tort complaint. *Absent such an agreement,* the insurer has no duty to defend or indemnify its insured where the insurer demonstrates in good

---

1. The logical basis for the distinction between damage to the work itself (not caused by an occurrence) and damage to collateral property (caused by an occurrence) is less than clear. Both types of property damage are caused by the same thing--negligent or defective work. One type of damage is no more accidental than the other. Rather, as evidenced by our original opinion, the basis for the distinction is not found in the definition of an occurrence but by application of the standard "work performed" and "work product" exclusions found in a Commercial general liability policy.

faith in the declaratory judgment action that the act of the insured was intentional and therefore outside the policy coverage." (Emphasis added.)

As the emphasized language indicates, the Ohio Supreme Court specifically limited its holding to those cases where the insurance policy at issue does not obligate the insurer to defend groundless, false or fraudulent claims. In fact, the court in *Preferred Risk* took great pains to recognize this distinction:

"This is not a case where the insurer has promised in the insurance policy to defend any suit against the insured alleging injury within coverage, even if such suit is groundless, false or fraudulent. The policy at bar contains no such representation. On this basis, the instant cause is distinguishable from *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St.3d 177, 9 OBR 463, 459 N.E.2d 555, which held that the insurer has a duty to defend where the allegations of the underlying complaint state a claim potentially or arguably within coverage. *Id.* at syllabus. In *Willoughby Hills,* the insurance policy provided that the company would undertake the defense of any suit alleging injury or property damage within coverage, ' "even if any of the allegations of the suit are groundless, false or fraudulent * * *." ' *Id.* at 177, 9 OBR at 463, 459 N.E.2d at 556.

"A similar provision existed in analogous cases wherein we held that the insurer's duty to defend depends solely on the allegations of the underlying complaint. *See, e.g., Motorists Mutual v. Trainor* (1973), 33 Ohio St.2d 41, 42, 62 O.O.2d 402, 403, 294 N.E.2d 874, 876; *Lessak v. Metropolitan Cas. Ins. Co.* (1958), 168 Ohio St. 153, 157, 5 O.O.2d 442, 445, 151 N.E.2d 730, 734; *Socony–Vacuum Oil Co. v. Continental Cas. Co.* (1945), 144 Ohio St. 382, 384, 29 O.O. 563, 564, 59 N.E.2d 199, 200; *Bloom–Rosenblum–Kline Co. v. Union Indemnity Co.* (1929), 121. Ohio St. 220, 222, 167 N.E. 884 [884–885]. Where the insurer represents to its insured that it will undertake the defense of any claim asserting injury within coverage, even where the claim is false or fraudulent, the duty to defend may arise solely from the allegations of the underlying complaint, regardless of the true facts as they are known to the insurer. However, since the appellee herein has promised only to defend claims for bodily injury or property damage 'to which this coverage applies,' the true facts are determinative of the duty to defend. Where the true facts are such that the insured's conduct was outside the coverage of the policy, the claim is not one 'to which this coverage applies,' and the insurer has no obligation to defend the insured." 30 Ohio St.3d at 114, 30 OBR 424, 429–430, 507 N.E.2d 1118, 1123–1124. (Footnote omitted.)

Thus, under *Preferred Risk,* an insurer may bring a declaratory judgment action seeking permission to discontinue its defense of its insured based upon the true facts of the underlying action *but only if* the insurer did not promise to defend groundless, false, or fraudulent claims.

As specifically noted in our original opinion, the insurance policy at issue here specifically requires Erie to defend its insured against claims for damages covered by the policy even if the allegations were not true. Therefore, Erie's obligation to defend its insured is governed by the allegations of the underlying complaint and not, as Erie argues, the existence of evidence showing a covered loss.

In fact, in *Allstate Ins. Co. v. Briggs* (Dec. 16, 1993), Franklin App. No. 93AP–777, unreported, 1993 WL 524880, a case cited in our original opinion, this court specifically rejected the argument advanced by Erie here. In *Briggs*, Allstate brought a declaratory judgment action seeking an order that it had no duty to defend or indemnify its insured against claims of negligence resulting from the insured's acts of striking the underlying plaintiff in the jaw. Allstate contended that it had no duty to defend because the conduct of its insured had been intentional and thus excluded from coverage. The trial court, while noting that it would find that the insured had acted intentionally if it were the fact finder, ruled that Allstate still had a duty to defend the underlying action based upon the allegations of negligence in the underlying complaint.

Allstate appealed, arguing that it had no duty to defend since the evidence established that the insured's conduct was intentional. This court overruled Allstate's assignment of error, specifically noting that, unlike the insured in *Preferred Risk*, Allstate was obligated by its policy to defend even if the allegations were groundless, false, or fraudulent. Thus, since the allegations in the underlying tort action arguably or potentially fell within the coverage provided under the policy, the trial court correctly concluded that Allstate had a duty to defend its insured. As noted by this court in *Briggs*, "[t]he trial court's tender of an opinion as the true factfinder is irrelevant to determination of the issue raised in [Allstate's] declaratory judgment action." This court's holding in *Briggs* is equally applicable here.

Accordingly, appellee's motion for reconsideration and/or clarification is denied.

*Motion for reconsideration*
*and/or clarification denied.*

KENNEDY and TYACK, JJ., concur.