[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
We affirm the trial court's judgment on the authority of Heile v. Herrmann (Dec. 17, 1999), Hamilton App. No. C-990076, unreported. In that case, which involved nearly identical policy language, we held that defective workmanship did not constitute an "occurrence" within the meaning of the policy. We stated,
The policy at issue here, a commercial general-liability policy, is not intended to protect business owners against every risk of operating a business. In particular, policies such as the one here are not intended to insure "business risks" — risks that are the "normal, frequent, or predictable consequences of doing business, and which business can and should control or manage" Courts generally conclude that the policies are intended to insure the risks of an insured causing damage to other persons and their property, but that the policies are not intended to insure the risks of an insured causing damage to the insured's own work. In other words, the policies do not insure an insured's work itself; rather, the policies generally insure consequential risks that stem from the insured's work.
Id., quoting Columbia Mut. Ins. Co. v. Schauf (Mo. 1998),667 S.W.2d 74, 77 (en banc). Accord Royal Plastics, Inc. v. StateAutomobile Mut. Ins. Co. (1994), 99 Ohio App.3d 221, 650 N.E.2d 180;Rombough v. Angeloro (July 31, 1998), Lake App. No. 97-L-131, unreported; Akers v. Beacon Ins. Co. of America (Aug. 31, 1987), Marion App. No. 9-86-16, unreported. Accordingly, we overrule appellants' two assignments of error.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Painter, JJ.