OPINION
On December 12, 1997, third-party plaintiff/appellee, Bruno Ferrante, purchased real property in Jackson Township, Ohio. When appellee purchased the property, he obtained an Owners' Title Insurance Policy, No. OP 554284, from third-party defendant/appellant, Ohio Bar Title Insurance Company. On October 1, 1999, plaintiffs, Richard and Barbara Kuhn, adjacent property owners, filed a complaint against appellee claiming he interfered with their rights under a recorded easement (Case No. 1999CV02254). Plaintiff claimed ownership of the disputed property through adverse possession.
On January 26, 2000, appellee filed a declaratory judgment action against appellant seeking coverage and defense under the title policy (Case No. 2000CV00226). On August 21, 2000, appellant filed a motion for summary judgment claiming it was entitled to judgment as a matter of law based upon the express language of the title policy. Hearings were held on January 18 and 25, 2001. By judgment entry filed January 30, 2001, the trial court denied the motion, finding appellant had a duty to defend.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED AS A MATTER OF LAW IN REFUSING TO GRANT OHIO BAR'S MOTION FOR SUMMARY JUDGMENT, BASED UPON THE CLEAR LANGUAGE OF THE TITLE INSURANCE POLICY ISSUED BY OHIO BAR. THERE WERE NO GENUINE ISSUES OF MATERIAL FACT, AND OHIO BAR WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 II THE TRIAL COURT ERRED, ABUSING ITS DISCRETION IN PERMITTING APPELLEE'S EXPERT TO RENDER AN EXPERT OPINION WHERE SAID EXPERT IS A MEMBER OF THE SAME LAW FIRM AS APPELLEE'S COUNSEL, AND WHERE THE RENDERING OF SUCH AN OPINION IS A VIOLATION OF THE ATTORNEY'S CODE OF PROFESSIONAL CONDUCT, AS ADOPTED BY THE SUPREME COURT OF OHIO.
 III THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RECONSIDERATION AND/OR MOTION TO VACATE, AS THE MOTION FOR RECONSIDERATION CALLED THE ATTENTION OF THE COURT TO THE OBVIOUS ERRORS IN ITS DECISIONS ON THE SUMMARY JUDGMENT MOTION AND THE EXCLUSION OF THE EXPERT WITNESS TESTIMONY, AND THE COURT ABUSED ITS DISCRETION IN NOT GRANTING THE MOTION TO VACATE.
 I
Appellant claims the trial court erred in denying its motion for summary judgment by finding the exclusion of the title policy did not exclude claims for adverse possession. We agree.
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in Stateex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35.
By judgment entry filed January 30, 2001, the trial court specifically found the following:
 While a prescriptive easement claim would be clearly excluded by the terms of the policy, the claim for adverse possession would not be so excluded. The Court holds that the exclusionary language asserted by Ohio Bar relative to rights of parties in possession is subject to varying interpretations, and this Court chooses not to interpret that language to include all claims of adverse possession. The Court holds as a matter of law that the specific language as set forth in Schedule B of the Owner's Policy, Paragraph 4, `Rights or claims of parties in possession of all or part of the premises', refers to situations where parties are in possession pursuant to unrecorded leases or land contracts, or claim title by actual possession of the premises. The language does not cover claims of ownership pursuant to adverse possession by usage of the premises, as alleged by the plaintiffs in the case sub judice.
It is appellant's position that it had no duty to defend in the underlying action because a claim for adverse possession is excluded by the following contract language of the title policy:
 These exceptions include loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:
* * *
 Rights or claims of parties in possession of all or part of the premises.
 See, Ohio Bar Title Insurance Company Policy at Schedule B, Part 1.
The standard to determine if appellant has a duty to defend under the title policy has been enumerated by the Supreme Court of Ohio inWilloughby Hills v. Cincinnati Ins. Co. (1984), 9 Ohio St.3d 177, syllabus, as follows:
 Where the insurer's duty to defend is not apparent from the pleadings in the action against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded, the insurer must accept the defense of the claim.
As noted by Chief Justice Celebreeze, the inquiry is confined to whether the factual allegations in the underlying complaint "potentially or arguably" fall within the coverage. Id. at 180. This standard has been limited in Wedge Products, Inc. v. Hartford Equity Sales Co. (1987),31 Ohio St.3d 65, 68, wherein Justice Brown stated "Willoughby Hills,
however, does not require a defense where the complaint contains no allegation that states a claim "potentially or arguably within the policy coverage."
The first step in our analysis is whether the exclusion language is ambiguous as to require further interpretation. The trial court found the language ambiguous and did not include adverse possession.
When the policy language is clear and unambiguous, courts are precluded from rewriting the agreement. The words must be given their plain and ordinary meaning. Andrade v. Credit General Insurance Co. (November 20, 2000), Stark App. No. 2000CA00002, unreported. Language that is "clear and plain" is language that only a "lawyer's ingenuity could make ambiguous." Royal Plastics v. State Auto Mut. Ins. Co. (1994),99 Ohio App.3d 221, 225, citing Hybud Equip. Corp. v. Sphere Drake Ins.Co., Ltd. (1992), 64 Ohio St.3d 657, 664.
We read Schedule B, Part 1 of the title policy as excluding rights or claims (the claims in the verified complaint filed in Case No. 1999CV02254) of parties (the plaintiffs Kuhn) in possession of all or part of the premises (the real property in Jackson Township, Ohio). We find the provisions in their plain meaning fall within the factual background of the complaint.
The crux of the issue sub judice is whether the contract language excludes claims of adverse possession. The complaint in Case No. 1999CV02254 alleges an ingress and egress easement over appellee's property that is owned by plaintiffs. Plaintiffs allege appellee has obstructed, impeded and interfered with this easement. As a result, Counts 1 and 2 claim tortious interference with the easement and break of the easement. In Count 3, plaintiffs request declaratory relief in the protection of their easement and its fair and unobstructed use. In Count 4, plaintiffs claim a vesting of legal title to the entire easement as a result of adverse possession.
We can distill from the complaint's language a request for the enforcement of the rights of the legal and recorded easement on behalf of plaintiffs and a claim for adverse possession for the entire easement. By claiming adverse possession for the entire easement, plaintiffs are requesting free and clear title to the entire fifty foot wide easement.
In Grace v. Koch (1998), 81 Ohio St.3d 577, syllabus, the Supreme Court of Ohio explained in order to acquire title by adverse possession "a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." We conclude that the claim for adverse possession subjudice is a claim of "parties in possession" as a result of the recorded easement.
We find the exclusion language of the title policy includes claims for adverse possession. Therefore, there is no potential or arguable claim within the complaint that is not excluded by the contract.
Assignment of Error I is granted.
 II, III
Given our ruling in Assignment of Error I, these assignments of error are moot.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed.
Hon. Julie A. Edwards, P.J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.