I respectfully dissent.
The insurance applies to property damage caused by an "occurrence." "Occurrence" is defined as an "accident, including continuous exposure, or repeated exposure to substantially the same general harmful conditions."
According to the majority opinion, the Library Board's complaint alleged a faulty roof due to defective workmanship, resulting in corrosion and other damage to Library Board property. I understand this to mean that faulty workmanship caused corrosion and other property damage.
Heile v. Herrmann (1999), 136 Ohio App.3d 351, which the majority cites with approval, concluded that "defective workmanship is not an `occurrence.'" Heile construed the same Indiana policy provisions as are present here.
If defective workmanship is not an occurrence, corrosion and other property damage caused by defective workmanship is outside the Indiana policy coverage.
I would reverse and remand for entry of declaratory judgment in favor of Indiana.