DECISION
{¶ 1} Pursuant to App.R. 26(A), defendant-appellant, Frank D. Thompson ("appellant"), moves this court for reconsideration of the court's March 30, 2006 journal entry dismissing the within appeal. Plaintiff-appellee, State of Ohio ("appellee"), has filed a memorandum in opposition, and the motion is now before the court for decision.
 {¶ 2} "App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." State v. Owens (1997),112 Ohio App.3d 334, 336, 678 N.E.2d 956, dismissed, appeal not allowed, 77 Ohio St.3d 1487, 673 N.E.2d 146. However, "an application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court." Ibid.
 {¶ 3} "App.R. 26 does not provide specific guidelines to be used by an appellate court when determining whether a decision should be reconsidered or modified." Id. at 335. See, also,Matthews v. Matthews (1981), 5 Ohio App.3d 140, 143, 5 OBR 320,450 N.E.2d 278. In Matthews, this court stated, "the test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." Ibid. See, also, Erie Ins. Exchange v. ColonyDev. Corp. (2000), 136 Ohio App.3d 419, 421, 736 N.E.2d 950;Corporex Dev. Constr. Mgmt., Inc. v. Shook, Inc., 10th
Dist. No. 03AP-269, 2004-Ohio-2715, ¶ 4.
 {¶ 4} The record reveals the following facts and procedural history. This case began on May 31, 2005, when a Columbus homicide detective filed with the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, a complaint charging that on May 28, 2005, appellant purposely caused the death of Brandon Judd by shooting him in the head (a violation of R.C. 2903.02 — murder — if committed by an adult) and that appellant committed this offense while possessing a firearm. The complaint also charged that appellant removed the murder weapon to a location such that it would be unavailable to those investigating the murder of Brandon Judd (a violation of R.C. 2921.12 — tampering with evidence — if committed by an adult).
 {¶ 5} On June 1, 2005, appellee moved the court for an order relinquishing jurisdiction and transferring the case to the Franklin County Court of Common Pleas, General Division, for criminal prosecution of appellant as an adult. On June 2, 2005, the court held a pretrial hearing, at which appellant requested an order that he undergo an evaluation of his competency prior to the hearing on appellee's motion to relinquish jurisdiction. The record contains no transcript of the pretrial hearing. But in his June 13, 2005 written motion for a competency evaluation, appellant states that his court-appointed guardian ad litem attended the hearing and told the court that appellant has an Intelligence Quotient ("IQ") of 60 and is the subject of an Independent Education Plan ("IEP").
 {¶ 6} Also in his June 13, 2005 written motion, appellant argued that the due process requirement that he be afforded effective representation by counsel includes his ability to assist counsel in his own defense. He maintained that his low IQ necessitates a competency evaluation, given that the consequences for appellant are great if he is bound over, while the state's burden is minimal.
 {¶ 7} In its memorandum contra, appellee argued that competency is irrelevant to the court's determination in mandatory bindover proceedings pursuant to R.C. 2152.12(A)(1)(a). That statute provides:
After a complaint has been filed alleging that a child is a delinquent child for committing an act that would be aggravated murder, murder, attempted aggravated murder, or attempted murder if committed by an adult, the juvenile court at a hearing shalltransfer the case if the child was sixteen or seventeen years ofage at the time of the act charged and there is probable cause tobelieve that the child committed the act charged.
(Emphasis added.)
 {¶ 8} Under the foregoing statute, so long as the complaint alleges that a child is delinquent for committing an act that would be murder if committed by an adult, and the child was sixteen or seventeen years old when the child committed the act, then the court must transfer the case if it finds there is probable cause to believe that the child committed the act charged. Because the complaint in this case alleged that appellant had committed an offense that would be murder if committed by an adult, and because it was undisputed that he was sixteen years at the time of the alleged offense, the only remaining issue was the probable cause inquiry. Appellee argued that the juvenile court's jurisdiction was thus limited to deciding whether or not probable cause existed, and did not include the power to determine competency.
 {¶ 9} On June 22, 2005, the juvenile court journalized a decision and entry denying the motion for a competency evaluation. The court explained that the only issue for its determination was whether there was probable cause to believe that appellant committed the act charged, and that the issue of competency should be addressed in the General Division should the case be transferred.
 {¶ 10} On September 12, 2005, the court held the probable cause hearing. On September 19, 2005, the court journalized a judgment entry finding the existence of the requisite probable cause and relinquishing jurisdiction to the General Division. On October 12, 2005, appellant appealed that judgment.
 {¶ 11} Appellee filed a motion to dismiss the appeal, arguing that we lack jurisdiction because a juvenile bindover order is not a final, appealable order. On March 30, 2006, we granted the motion to dismiss pursuant to In re Becker (1974),39 Ohio St.2d 84, 68 O.O.2d 50, 314 N.E.2d 158. In Becker, the Supreme Court of Ohio held, "[a]n order by a Juvenile Court, pursuant to R.C. 2151.56, transferring a child to the Court of Common Pleas for criminal prosecution, is not a final appealable order." Id. at syllabus.
 {¶ 12} In his motion for reconsideration, appellant argues that we failed to consider the fact that, pursuant to R.C.2505.02(B), the trial court's order denying appellant's motion for a competency evaluation is a final, appealable order. He directs our attention to several cases in which courts have held, variously, that a bindover proceeding is a special proceeding, that an order denying a motion for a competency evaluation is a final appealable order, and that the right of an incompetent defendant not to be subject to trial is a substantial right.
 {¶ 13} In its memorandum in opposition to the motion for reconsideration, appellee reiterates the arguments it presented to the trial court when it opposed the motion for a competency evaluation.
 {¶ 14} We need not decide whether a juvenile court order denying an allegedly delinquent child's motion for a competency evaluation is a final, appealable order. Even if we assume, without deciding the issue, that such an order is a final, appealable order, then this appeal should still have been dismissed because it was untimely.
 {¶ 15} The juvenile court journalized its decision and entry denying appellant's motion for a competency evaluation on June 22, 2005. Appellant was required to file any notice of appeal from that judgment entry "within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." App.R. 4(A).
 {¶ 16} A juvenile court proceeding is a civil case. In reAnderson (2001), 92 Ohio St.3d 63, 748 N.E.2d 67, syllabus. The record reveals that the parties were served with notice of the judgment and its entry within the three-day period in Civ.R. 58(B); specifically, the clerk served the parties, by ordinary mail, on June 22, 2005. Thus, appellant was required to file any notice of appeal no later than July 22, 2005. Appellant filed his notice of appeal on October 12, 2005. Accordingly, even if appellant's contention that the entry denying a competency evaluation was a final, appealable order (an issue we are not deciding) his appeal is untimely and must be dismissed because we lack jurisdiction to consider it. See Miller v. Anthem, Inc.
(Dec. 12, 2000), 10th Dist. No. 00AP-275.
 {¶ 17} On the other hand, if appellant's contention is misplaced, and the order denying a competency evaluation is interlocutory, then we still lack jurisdiction to review it at this time because, pursuant to Becker, supra, the bindover judgment, too, was not a final, appealable order.
 {¶ 18} For the foregoing reasons we do not perceive any obvious error in our earlier dismissal of appellant's appeal, nor do we perceive any failure therein to consider an issue that we should have considered. Accordingly, we find appellant's motion for reconsideration to be not well-taken and the same is hereby denied.
Motion for reconsideration denied.
Klatt, P.J., and Petree, J., concur.