DECISION AND JUDGMENT
{¶ 1} This matter is before the court on the motion of the Cincinnati Insurance Company ("C.I.C."), to reconsider our August 1, 2008 decision in The Cincinnati Ins. Co. v. G.L.H., Inc., 6th Dist. No. E-07-053,2008-Ohio-3853. Appellee has also filed a motion to certify a conflict between our decision and the First Appellate District's decision inHeile v. Herrmann (1999), 136 Ohio App.3d 351. Appellant has not filed a response to either motion. *Page 2 
 {¶ 2} In ruling on a motion to reconsider, this court followsMatthews v. Matthews (1981), 5 Ohio App.3d 140, where paragraph two of the syllabus states:
 {¶ 3} "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. (App. R. 26, construed.)"
 {¶ 4} Appellee asserts several points which, it contends, were not fully considered and which, it argues, entitles it to summary judgment. Upon review, we find one point well-taken.
 {¶ 5} In our decision of August 1, 2008, we found that appellee had a duty to defend its insured, G.L.H., Inc., the developer, builder, and vendor of the "Grand Harbour Condominiums," against a suit filed by Grand Harbour's condominium association. The complaint alleged breach of implied warranty and negligence in construction. We held that the suit constituted a covered "occurrence" under the commercial general liability policy issued by appellee. We examined several relevant exclusions from coverage and found none applicable. Therefore, we found appellee had a duty to defend G.L.H., Inc., its insured, in the underlying suit.
 {¶ 6} In its motion for reconsideration, appellee directs our attention to the "impaired property" exclusion, which provides:
 {¶ 7} "a. Exclusions *Page 3 
 {¶ 8} "This insurance does not apply to:
 {¶ 9} "* * *
 {¶ 10} "m. Damage to Impaired Property or Property Not Physically Injured
 {¶ 11} "`Property damage' to `impaired property' or property that has not been physically injured, arising out of:
 {¶ 12} "(1) A defect, deficiency, inadequacy or dangerous condition in `your product' or `your work'; or
 {¶ 13} "(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
 {¶ 14} "This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to `your product' or `your work' after it has been put to its intended use."
 {¶ 15} Section V, "Definitions," defines "impaired property" as:
 {¶ 16} "* * * tangible property, other than `your product' or `your work', that cannot be used or is less useful because:
 {¶ 17} "a. It incorporates `your product' or `your work' that is known or thought to be defective, deficient, inadequate e or dangerous; or
 {¶ 18} "b. You have failed to fulfill the terms of a contract or agreement."
 {¶ 19} In our decision, we followed Owners Insurance Company v.Reyes (Sept. 30, 1999), 6th Dist. No. OT-99-017, Erie Ins. Exchange v.Colony Dev. Corp. (1999), 136 Ohio App.3d 406, and Dublin BuildingSystems v. Selective Ins. Co., *Page 4 172 Ohio App.3d 196, 2007-Ohio-494, to find that the underlying claims constituted a covered "occurrence" under appellee's policy. The policy in Dublin did not contain an "impaired property" exclusion; the policy in Reyes, however, did.
 {¶ 20} In Reyes, we held that the "impaired property" exclusion, identical to the exclusion sub judice, barred coverage. See, also,National Engineering Contracting Co. v. U.S. Fidelity Guar.Co., 10th Dist. No. 03AP-435, 2004-Ohio-2503.
 {¶ 21} Because our decision in The Cincinnati Ins. Co. v. G.L.H.,Inc., 6th Dist. No. E-07-053, 2008-Ohio-3853, did not fully consider this applicable policy exclusion when it should have, appellee's motion for reconsideration is granted. Matthews v. Matthews (1981),5 Ohio App.3d 140, 143. Based on the "impaired property" exclusion, the conclusion that appellee owed G.L.H., Inc., its insured, a duty of defense and indemnification was in error. The trial court properly granted summary judgment to appellee. On that basis, our decision of August 1, 2008, is hereby reversed and the judgment of the trial court is affirmed.
 {¶ 22} Due to our ruling on the motion for reconsideration, we find the motion to certify a conflict not well-taken. Article IV, Section 3(B)(4) of the Ohio Constitution states:
 {¶ 23} "Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination." *Page 5 
 {¶ 24} The Ohio Supreme Court set forth three requirements that must be met in order for a case to be certified:
 {¶ 25} "First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be `upon the same question.' Second, the alleged conflict must be on a rule of law — not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals."Whitelock v. Gilbane Bldg. Co. (1993), 66 Ohio St.3d 594, 596.
 {¶ 26} In our decision of August 1, 2008, we stated:
 {¶ 27} "A conflict currently exists between Ohio appellate districts we to whether allegations of poor workmanship by an insured in construction of real property constitutes an `occurrence' in policies with identical language." The Cincinnati Ins. Co. v. G.L.H., Inc., 6th Dist. No. E-07-053, 2008-Ohio-3853, ¶ 76. We noted that some courts, including Heile v. Herrmann (1999), 136 Ohio App.3d 351, 353 (collecting cases), found that allegations of defective workmanship do not constitute covered "occurrences" in commercial general liability policies. Our decision, following Reyes, supra, and Dublin BuildingSystems v. Selective Ins. Co., 172 Ohio App.3d 196, 2007-Ohio-494, found that allegations of defective workmanship do constitute a covered "occurrence."
 {¶ 28} While our decision, Reyes, and Dublin are in conflict on this point with Heile and other cases, our grant of appellee's motion for reconsideration and reversal of *Page 6 
our decision renders the cases factually distinguishable. While there is a conflict, the question of law is no longer the controlling or dispositive issue in the cases. Therefore, appellee's motion to certify a conflict is denied.
 RECONSIDERATION GRANTED AND CERTIFICATION DENIED. *Page 1