DECISION
{¶ 1} Defendants-appellees, State Board of Education ("the board"), and Bedford City School District ("BCSD"), have applied for reconsideration of this court's judgment in Spitznagel v. State Bd. ofEdn., Franklin App. No. 07AP-757, 2008-Ohio-5059. Plaintiffs-appellants, Brian P. Spitznagel et al. ("appellants"), have filed a memorandum in opposition to the application, and the application is now submitted to this court for decision. *Page 2 
 {¶ 2} "App. R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law."State v. Owens (1997), 112 Ohio App.3d 334, 336, 678 N.E.2d 956, dismissed, appeal not allowed, 77 Ohio St.3d 1487, 673 N.E.2d 146. However, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court." Id.
 {¶ 3} "App. R. 26 does not provide specific guidelines to be used by an appellate court when determining whether a decision should be reconsidered or modified." Id. at 335. See, also, Matthews v.Matthews (1981), 5 Ohio App.3d 140, 143, 5 OBR 320, 450 N.E.2d 278. InMatthews, this court stated, "[t]he test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." Id; see, also, Erie Ins. Exchange v. ColonyDev. Corp. (2000), 136 Ohio App.3d 419, 421, 736 N.E.2d 950;Corporex Dev. Constr. Mgmt., Inc. v. Shook, Inc., Franklin App. No. 03AP-269, 2004-Ohio-2715, ¶ 4.
 {¶ 4} In our previous decision, we determined that the court of common pleas abused its discretion in failing to reverse the board's decision denying appellants' application for a territory transfer pursuant to R.C. 3311.24. We cited three errors of law that the board made and that should have compelled the court of common pleas to reverse the board's decision. We ordered that the trial court remand the matter back to the board for the issuance of a new decision in accordance with law and with our opinion. *Page 3 
 {¶ 5} In support of their applications for reconsideration, the board and BCSD argue that we must reverse our earlier decision because the decision of the Supreme Court of Ohio in Bartchy v. State Bd. ofEdn., 2008-Ohio-4826, released on the same date as our decision, compels us to affirm the decision of the court of common pleas. We agree.
 {¶ 6} We reversed the court of common pleas after concluding that the board had committed the following three legal errors: (1) concluding that financial loss alone is a basis to deny a transfer, without a finding as to how the fiscal impact is a factor significant enough to stand in the way of the proposed transfer (citing Crowe v. State Bd. ofEdn. [Oct. 26, 1999], Franklin App. No. 99AP-78); (2) concluding that the transfer would have racial isolation implications where the effect on BCSD's racial composition would be de minimis; and (3) presuming that loss of revenue to BCSD equates to ineffective utilization of facilities, without making specific findings as to how district facilities would be ineffectively utilized.
 {¶ 7} In Bartchy, this court had also relied upon Crowe to conclude that the board erred in denying a transfer request based upon loss of revenue where it failed to make specific findings as to the effects of the loss. In its opinion in Bartchy, the Supreme Court of Ohio held that the board is within its authority to weigh loss of revenue into its overall balancing test, without making specific findings quantifying the harm. Bartchy at ¶ 82-83. This holding is clearly contrary to our conclusion as to the first legal error we identified inSpitznagel. Accordingly, we reconsider and reverse that aspect of our decision.
 {¶ 8} Appellees also argue that Bartchy compels reversal of our decision as to the third legal error we identified because the Supreme Court was clearly articulating a *Page 4 
policy of deference to the board where the board makes a finding that revenue loss will result in ineffective utilization of district facilities. In the present case, the hearing officer found that, "[i]t is wholly foreseeable that the loss of the Walton Hills tax monies would cause the closing of facilities, reduced educational programming [sic], and staff and faculty cutbacks, and other curtailments * * * . Such a response to the loss of the Walton Hills tax monies, wholly predictable and necessary, would grossly hinder the effective utilization of BCSD educational facilities." (May 20, 2005 Report and Recommendation, 22.) We agree with appellees that the Supreme Court in Bartchy articulated a mandate for appellate deference to the board's consideration of the effects of projected revenue loss that would accompany a requested transfer. So long as there is reliable, probative and substantial evidence of the revenue loss itself, Bartchy made it clear that it is within the board's province to determine how that loss will affect the factors that the board must consider in conducting its balancing test. Accordingly, we reconsider and reverse our earlier decision insofar as it concerns the third legal error that we identified.
 {¶ 9} Finally, appellees argue that, upon reversing two of the three legal errors we identified, our decision to reverse the board's decision cannot stand based only on the remaining legal error that we identified, to wit: the board's finding that the de minimis change in BCSD's racial composition results in the existence of racial isolation implications to the proposed transfer. We agree. Not only was this factor but one of numerous factors that the board considered, it was by no means the primary factor that drove the board's decision. Loss of revenue was clearly the factor that weighed most heavily into the board's determination, and racial isolation was of far less concern, especially in light of the *Page 5 
board's findings that no racial isolation presently exists, or would likely arise, in either affected school district.
 {¶ 10} In any case, we observe that the Supreme Court of Ohio ordered affirmance of the board's decision to deny the request inBartchy where the relinquishing district stood to lose far less than BCSD would lose in the proposed transfer here, and no other factors implicated the board's decision in Bartchy. This arguably renders immaterial other factors in the present case, where the record contains reliable, probative, and substantial evidence of far larger projected revenue losses to BCSD. We recognize the procedural and factual difference between the two cases, as appellants point out in their memorandum contra, but the Supreme Court's decision in Bartchy was not dependent on the unique facts of that case. It articulated principles directly bearing upon our decision here as well as our decision inBartchy.
 {¶ 11} Accordingly, for all of the foregoing reasons, we find that appellees have met the standard for reconsideration in App. R. 26. Because our original opinion relied on this court's earlier opinion inBartchy, and relied upon some of the same precedent and principles upon which our opinion in Bartchy was based, our decision in the present case is no longer supported by law. The application for reconsideration is granted, and our earlier decision in Spitznagel v. State Bd. ofEdn., Franklin App. No. 07AP-757, 2008-Ohio-5059, is vacated. The judgment of the Franklin County Court of Common Pleas is affirmed.
Application for reconsideration granted; judgment affirmed.
McGRATH, P.J., concurs.
BRYANT, J., concurring separately.