[Cite as *Heineken U.S.A., Inc. v. Esber Beverage Co.*, 2014-Ohio-946.]

**[Please see vacated opinion at 2014-Ohio-291.]**

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| HEINEKEN USA, INCORPORATED | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2013 CA 00158 |
| ESBER BEVERAGE COMPANY | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
                             Common Pleas, Case No.2013CV00891

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      March 10, 2014

APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

JAMES L. MESSENGER                      GARY CORROTO
RICHARD J. THOMAS                       MARIA KLUTINOTY EDWARDS
JERRY KRZYS                             Tzangas, Plakas, Mannos, Ltd
6 Federal Plaza Central, Ste. 1300      220 Market Avenue South, 8th Floor
Youngstown, OH 44503                    Canton, OH  44702

                                        STANLEY R. RUBIN
                                        437 Market Avenue North
                                        Canton, OH   44702

*Gwin, J.,*

**{¶1}** On February 6, 2014, defendant-appellee Esber Beverage Company filed motions for reconsideration, to certify a conflict and for en banc consideration of our January 27, 2014 decision reversing the trial court's grant of summary judgment in Esber's favor. See, *Heineken USA, Inc. v. Esber Beverage Company*, 5th Dist. Stark No. 2013CA00158, 2014-Ohio-291.

### Facts and Procedural History

**{¶2}** Appellee, Esber Beverage Company ("Esber") is one of the oldest, family-owned, continuously operated beverage wholesalers in Ohio and the United States. It was founded in 1937 by Dave and Helen Esber and is currently operated by second and third generation Esber family members. Esber is an Ohio distributor of alcoholic beverages to retail permit holders in the state.

**{¶3}** Heineken N.V. is a beverage manufacturer based in the Netherlands. Heineken USA, Inc. ["HUSA"] is a wholly owned subsidiary of Heineken Brouwerijen B.V. ["Heineken B.V."], which, in turn, is a wholly owned subsidiary of Heineken N.V.

**{¶4}** Pursuant to a multi-billion dollar acquisition, in April 2008, Heineken N.V. acquired certain Scottish & Newcastle UK Ltd. ["S&N UK"] businesses in Belgium, Finland, Ireland, Portugal, the United Kingdom, and the United States ("the S&N Acquisition"). See, *Esber Beverage Co. v. Heineken USA, Inc.*, 5th Dist. Stark No. 2011 CA00033, 2011-Ohio-5939, 2011 WL 5626592. ["*Esber I*"]. As a result of the S&N Acquisition, Heineken N.V. assumed exclusive control over and liability for S&N UK, its subsidiaries and its assets, including a brand of hard cider named Strongbow Hard Cider ["Strongbow"], effective April 28, 2008. Since that time, Heineken N.V. has,

through its subsidiaries, manufactured, marketed and sold Strongbow in international markets.

**{¶5}** Prior to January 1, 2013, Heineken N.V. supplied Strongbow into the United States through its import agent Vermont Hard Cider Company, LLC ("VHCC").

**{¶6}** Heineken B.V. entered into an agreement with VHCC effective December 31, 2012, pursuant to which Heineken B.V. compensated VHCC in exchange for the early termination of VHCC's right to supply Strongbow in the United States. *Affidavit of Hemmo Parson, Senior Legal Counsel for Heineken B.V.*, ¶19 ["*Parson*"]. Thereafter, Heineken B.V. entered into an agreement with HUSA, "nam[ing]" the latter as the exclusive U.S. import agent for the Brand effective January 1, 2013. *Parson,* ¶20. "Heineken USA's importation of the Strongbow Brand into the United States is now governed by said agreement" with Heineken B.V. *Parson*, ¶ 20.

**{¶7}** By letter dated October 30, 2012, Heineken B.V. and HUSA informed Esber it was terminating Esber's "franchise and the associated distribution rights" with respect to Strongbow pursuant to R.C. 1333.85(D). On March 29, 2013, HUSA filed a Complaint in the Stark County Court of Common Pleas pursuant to R.C. 1333.851(B). The Complaint sought a determination within 90 days by the Court of the diminished value to Esber's business due to the loss of the Strongbow brand. Esber filed an answer and subsequently a motion for summary judgment.

**{¶8}** The trial court granted Esber's motion for summary judgment finding that the franchise termination rules of R.C. 1333.85(D) only apply to a "successor manufacturer" and HUSA was not a successor manufacturer.

{¶9}   On January 27, 2014, this Court issued its opinion in *Heineken USA, Inc. v. Esber Beverage Company,* 5th Dist. Stark No. 2013 CA 00158, 2014-Ohio-291.

{¶10} On February 6, 2014, defendant-appellee Esber Beverage Company filed motions for reconsideration, to certify a conflict and for en banc consideration of our January 27, 2014 decision reversing the trial court's grant of summary judgment in Esber's favor. Heineken USA filed its memorandum in response.

### *Application for Reconsideration*

{¶11} App. R. 26 does not provide specific guidelines to be used by an appellate court when determining whether a decision should be reconsidered or modified. In *Mathews v. Mathews,* 5 Ohio App.3d 140, 143, 450 N.E. 2d 278 218(10th Dist. 1981), the court stated: [t]he test generally applied in [A]pp. R. 26 (A) motions] is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." *See also*, *State v. Owens,* 112 Ohio App.3d 334, 678 N.E. 2d 956 (11th Dist. 1996); *Erie Insurance Exchange v. Colony Development Corp.*, 136 Ohio App.3d 419, 736 N.E.2d 950 (10th Dist. 2000).

{¶12} Esber's application for reconsideration raises an obvious error in our decision. No cross motion for summary judgment had been filed in the trial court. We grant Esber's application for reconsideration and vacate our decision and instead upon consideration of the motion and the responses, we herby reverse the trial court's entry of summary judgment in favor of defendant-appellee Esber because we find from a complete and thorough review of the record in this case genuine issues of material fact exist.

{¶13} A final determination of the issues in this case will require more factual development. After further discovery and development of the underlying facts concerning the various transactions and the relationship of the entities involved, either party is of course, free to seek summary judgment if it should see fit. Our previous opinion filed in this matter shall have no precedential value.

### Motion to Certify a Conflict

{¶14} Our disposition of Esber's application for reconsideration renders moot his Motion to Certify a Conflict.

### Motion for En Banc Consideration

{¶15} Our disposition of Esber's application for reconsideration renders moot his Motion for En Banc Consideration.

***Disposition***

**{¶16}** In sum, we grant Esber's motion for reconsideration. Upon reconsideration, we vacate our January 27, 2014 decision, grant appellant's single assignment of error and reverse the judgment of the Stark County Court of Common Pleas granting summary judgment in Esber's favor. We remand this case to the Stark County Court of Common Pleas for proceedings in accordance with this opinion and the law.

By Gwin, J., and

Wise, J., concur;

Hoffman, P.J., concurs in part

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

WSG:clw 0305

*Hoffman, P.J., concurring in part*

{¶17} I concur in the majority's decision to grant reconsideration and to reverse the trial court's entry of summary judgment in favor of Appellee based upon the existing record. However, I find it premature and advisory for this Court to find there are genuine issues of material fact which preclude summary judgment at this time. While a final determination of the issues in this case may well result in more factual development, such decision should be left to the parties and/or the trial court, and not be considered a mandate from this Court.

_____

HON. WILLIAM B. HOFFMAN